UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JULIA M. HOGAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-049 |
| | ) | |
| MARTIN O'MALLEY,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Julia M. Hogan seeks judicial review of the Social Security Administration's denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation

---

[1] Martin O'Malley is now the Commissioner of Social Security and has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is

2

"severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can

adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. BACKGROUND

Hogan, born February 4, 1960, was 59 years old when she applied for benefits in October 2019, and 62 years old at the time of the ALJ's decision. Tr. 14, 32, 270, 274-279 (DIB application), 281-290 (SSI application). She initially alleged a disability-onset date of December 30, 2015, but amended it to December 6, 2018. Tr. 14; *see also* doc. 14 at 1. She has a high school and some college education and previous work as an office clerk and receptionist/bookkeeper. Tr. 31, 68, 313. After a hearing, tr. 41-72 (Hearing Transcript), the ALJ issued an unfavorable decision, tr. 11-40.

The ALJ found that Hogan's chronic obstructive pulmonary disease, diabetes with neuropathy, mild lumbar spine degenerative disc disease, mild degenerative joint disease of the hips/SI joints, mild right shoulder degenerative joint disease, and obesity constituted severe

impairments,[2] but did not meet or medically equal a Listing. Tr. 17-23. The ALJ then found that Hogan retained the RFC for light work except:

> the claimant can push/pull up to 10 pounds occasionally. The claimant can stand/walk up to 6 of 8 hours and sit up to 6 of 8 hours with normal breaks. The claimant can occasionally climb ramps and stairs but may not climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead and frequently reach in all other directions. The claimant can frequently handle, finger, and feel. The claimant cannot have concentrated exposures to heat, humidity, cold, gases, fumes, wetness, or vibration. The claimant cannot have exposure to unprotected heights or other hazards.

Tr. 24-30. Hogan, he determined, could perform her past relevant work as an office clerk and receptionist/bookkeeper. Tr. 31. Therefore, she was found to be not disabled. Tr. 31-32. The Appeals Council denied review. Tr. 1-6. Hogan filed the instant lawsuit seeking judicial review of the ALJ's decision. *See* doc. 1.

## III. ANALYSIS

Hogan argues the ALJ erroneously evaluated the opinion of Leslie Hudson, a Licensed Clinical Social Worker (LCSW). Doc. 14 at 7-11. Hudson opined that Hogan was mildly limited in her ability to

---

[2] The ALJ found Hogan's gastroparesis, hypertension, hyperlipidemia, GERD, vision defects, major depressive disorder, and generalized anxiety order to be non-severe. Tr. 18. The ALJ found Hogan's reported migraines to be "a non-medically determinable impairment." *Id.*

5

understand, remember, or apply information; interact with others; and concentrate, persist, or maintain pace. Tr. 900. She further opined that Hogan had mild limitations with her short-term memory and understanding and carrying out detailed but uninvolved written or oral instructions. Tr. 901. She indicated that Hogan could maintain attention and concentration for less than 30 minutes, and could sometimes, but not consistently, interact with the general public, her co-workers, and her supervisors. *Id.* She also opined that Hogan could sometimes, but not consistently, maintain socially appropriate behavior and respond appropriately to changes in her work setting. Tr. 902. She opined that Hogan would be off-task 25 or more percent of the typical workday and would be absent from work four or more days per month. *Id.*

The ALJ acknowledged the LCSW's opinions, *see* tr. 28, but ultimately found them only partially persuasive, tr. 30. He did not incorporate any mental limitations into the RFC. *See* tr. 24. In partially discounting the LCSW's opinion, the ALJ stated:

> Ms. Hudson completed a medical opinion on the claimant's behalf with regard to her mental impairments. Though her findings of generally mild limitations are supported by the mental status examination findings, this opinion was provided after an initial evaluation in April 2022 with no significant period of time to determine if the claimant's

6

mental impairments would improve with treatment or to sufficiently evaluate the claimant on a longitudinal basis.

Tr. 30. Hogan contends this analysis is deficient under the applicable standards. *See generally* docs. 14 & 16.

For claims filed after March 27, 2017, as here, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(a); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896-98 (11th Cir. 2022) (affirming the new regulations that eliminate the treating physician rule for claims filed after March 27, 2017). Under the applicable regulation, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. 20 C.F.R. § 404.1520c(c).

The Eleventh Circuit summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of

> medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Even under the amended regulations, "[t]he ALJ 'must provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." *Lawrence v. Kijakazi*, 2022 WL 421139, at * 4 (S.D. Ga.

Jan. 24, 2022) (quoting *Works v. Saul*, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021)); *see also Martin v. Kijakazi*, 2022 WL 264889, at *4 (S.D. Ga. Jan. 7, 2022) ("[U]nder the [amended] regulations the ALJ 'must consider the opinion, assess its persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency.'" (quoting *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (alterations omitted))), *adopted* 2022 WL 264549 (S.D. Ga. Jan. 27, 2022). The regulations explicitly provide that the ALJ "will explain *how* [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 416.920c(b)(2) (emphasis added); *see also Cook*, 2021 WL 1565832, at * 2 ("[T]he ALJ *must explain* the consideration of those two factors [*i.e.* supportability and consistency]." (emphasis added)).

Hogan criticizes the ALJ's evaluation of Hudson's opinions, arguing it is speculative, doc. 14 at 9-10, "lack[s] any true supportability discussion . . . .," *id*. at 10, and lacks "anything resembling a consistency finding." Doc. 16 at 3. The Commissioner responds that the ALJ is not required to use "magic language," and that the "articulation requirement

9

is met so long as the evaluation addresses the substance of the factors, regardless of the specific language used in the evaluation." Doc. 15 at 8-9 (internal quotations and citations omitted). While that may be true, the ALJ's analysis of the LCSW's opinions falls short of the requirement. The Commissioner's brief attempts to expand the summary evaluation by pointing to other points of the ALJ's discussion that might explain how the ALJ considered the supportability and consistency factors, but notably does not cite to any portion of the ALJ's opinion that explains the connection between that evidence and the ALJ's conclusions concerning Hudson's opinions. *See generally* doc. 15.

While the ALJ does explain that Hudson's opinion is "supported by the mental status examination findings," tr. 30, it is unclear whether this is a reference to Hudson's examination findings or others in the record. Therefore, despite the ALJ's use of the word "supported," it is impossible to discern if this was intended to be a supportability analysis or a consistency analysis. If the former, there is no real consistency analysis. If the latter, there is no real supportability analysis. Either way, the overall analysis is lacking and requires remand. *See Evans v. Kijakazi*, 2022 WL 561658, at * 4 (S.D. Ga. Feb. 4, 2022) ("The terse treatment by

[the] ALJ . . . where no records are cited to support his discounting of [the medical] opinion prevents the Court from evaluating whether his assessment is supported by substantial evidence." (citations omitted)), *adopted* 2022 WL 555470 (S.D. Ga. Feb. 23, 2022); *Clark v., Kijakazi*, 2022 WL 509671, at *5-*7 (S.D. Ga. Jan. 31, 2022), *adopted* 2022 WL 509114 (S.D. Ga. Feb. 18, 2022) (rejecting ALJ's explanation as insufficient where "the ALJ does not describe or cite to any other medical evidence in the record"); *Martin*, 2022 WL 264889, at * 4 (explaining "the Court . . . must examine the administrative decision as delivered.").

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this action is **REMANDED** to the Commissioner for further proceedings under 42 U.S.C. § 405(g). The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 20th day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA